UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DIAN JIN JIANG and DONG JIANG XIN,

                            Plaintiffs,                     Civ. Action No.: 16-cv-1946

              -against-                       **COMPLAINT**

                                                 **JURY TRIAL DEMANDED**

RED KOI, INC. *d/b/a* RED KOI ORGANIC SUSHI
LOUNGE and LIN LIN,

                            Defendants.
---------------------------------------------------------------X

      Plaintiffs Dian Jin Jiang and Dong Jiang Xin ("Plaintiffs"), by and through their attorneys, Beranbaum Menken LLP, allege as follows:

### NATURE OF THE ACTION

      1.     Beginning in 2014, Plaintiffs worked for Defendants for over a year as food deliverymen, where they spent their daily 13-hour shifts delivering food to local customers, cleaning Defendants' premises, procuring supplies for Defendants, and preparing food for customers.  For their tireless work, Defendants paid Plaintiffs between $800 and $1000 per month in cash, which evens out to a less than $4 per hour wage, a brazen violation of federal and state minimum wage laws, overtime laws, and New York State "spread of hours" regulations.

      2.     Plaintiffs bring this action for damages stemming from unpaid wages and other wage-related claims against Defendants Red Koi, Inc. (*d/b/a* Red Koi Organic Sushi Lounge), and Lin Lin pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. and the New York Labor Law ("NYLL") §§ 190 *et seq*., including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' federal claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

5.      Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

6.      Plaintiffs Dian Jin Jiang ("Jiang") and Dong Jiang Xin ("Xin") are adult individuals residing in Kings County, New York.

7.      At all relevant times to this complaint, Plaintiffs were employed by Defendants as food deliverymen (with additional job duties) at Red Koi Organic Sushi Lounge, located at 57 1st Avenue, New York, New York 10003.

8.      Plaintiff Jiang was employed by Defendants from September 1, 2014 through September 15, 2015.

9.      Plaintiff Xin was employed by Defendants from August 20, 2014 through September 15, 2015.

10.     Defendants own, operate, and/or control a Japanese restaurant located at 57 First Avenue, New York, New York 10003, under the name "Red Koi Organic Sushi Lounge."

11.     Upon information and belief, Defendant Red Koi, Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York.

12.     Defendant Corporation maintains its principal place of business at 57 First Avenue, New York, New York 10003.

13.     Defendant Lin Lin is an individual engaging (or who has engaged) in business within this judicial district during the relevant time period.

14.     Defendant Lin Lin is sued individually and in her capacity as owner, officer and/or agent of Defendant Corporation.

15.     At all times relevant to this Complaint, Defendant Lin Lin possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

16.     Defendant Lin Lin determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, assigned work to employees, maintained employee records, and had the authority to hire and fire employees.

17.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over employees.

18.     At all relevant times, each Defendant possessed substantial control over Plaintiffs' working conditions and over the policies and practices with respect to their employment and compensation.

19.     Defendants jointly employed Plaintiffs and are Plaintiffs' employers within the meaning of 29 U.S.C. §§ 201 *et seq*. and the NYLL.

20.     In each year from 2014 to the present, upon information and belief, Defendants had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

21.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce.  For example, numerous items that were used in the restaurant on a daily basis were produced outside of the State of New York.

22.     Plaintiffs regularly handled goods in interstate commerce, such as imported foods and cleaning supplies necessary to perform their work, which were produced outside of the State of New York.

## FACTUAL ALLEGATIONS

23.     Plaintiff Jiang was hired as a food deliveryman by Defendants on September 1, 2014.

24.     Plaintiff Xin was hired as a food deliveryman by Defendants on August 20, 2014, 2014.

25.     Plaintiffs worked daily from 10:30 am until 11:30 pm.  Each day they received one thirty-minute break.

26.     Throughout their employment with Defendants, Plaintiffs worked six or seven days per week during the term of their employment, usually taking one day off every other week.

27.     Plaintiffs worked an average of about 81 hours per week for Defendants.

28.     Plaintiffs spent the bulk of their workday delivering food to customers' homes. Their other responsibilities included food preparation, cleaning the restaurant and procuring supplies as needed.

29.     Defendants paid Plaintiff Jiang $810 per month in cash.  For his work, Defendants paid him a wage of less than $3 per hour.

30.     Plaintiff Xin was paid $1,000 per month in cash by Defendants.  He was paid less than $4 per hour by Defendants.

31.     Plaintiffs earned tips from customers.  However, Defendants never told Plaintiffs that the tips would be included in their wages, nor did they post any notices or hand Plaintiffs any notices regarding tip information as required by the FLSA and NYLL.

32.     Defendants did not compensate Plaintiffs for paying them below the required overtime wage rates.

33.     Neither Plaintiff received overtime or spread of hours pay during the course of his employment.

34.     Plaintiffs were not required to keep track of their time, nor did Defendants utilize any time tracking device (such as punch cards or sign in/out sheets) that accurately reflected Plaintiffs' actual hours worked.

35.     No notification, either in the form of posted notices or other means, was given to Plaintiffs regarding wages as required under the FLSA and NYLL.

36.     Defendants did not provide Plaintiffs a wage statement with each payment of wages, as required by NYLL § 195(3).  Instead, Defendants simply handed Plaintiffs cash at the end of each month.

37.     Defendants did not give any notice to Plaintiffs, in English or in any other language of their rate of pay, employer's regular payday, and such other information as required by NYLL § 195(1).

38.     Defendants willfully disregarded and purposefully evaded the recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

39.    At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of 40 hours per week, without paying them appropriate overtime compensation pay as required by federal and state laws.

40.    Defendants' pay practices resulted in Plaintiffs' effective rate of pay falling well below the required overtime wage rates.

41.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for all hours worked and overtime wages due.

42.    Dissatisfied with their dismal and unlawful wages, both Plaintiffs resigned on September 15, 2015.

## FIRST CAUSE OF ACTION
### FLSA Minimum Wage Violations

43.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

44.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

45.    Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rate and method of any compensation in exchange for employment.

46.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

47.    Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)-(s).

48.    Defendants, in violation of the FLSA, failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

49.     Defendants' failure to pay Plaintiffs the applicable minimum hourly rate compensation was willful within the meaning of 29 U.S.C. § 255(a).

50.     Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### FLSA Overtime Violations

51.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

52.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

53.     Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rate and method of any compensation in exchange for employment.

54.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

55.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)-(s).

56.     Defendants, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek, in violation of 29 U.S.C. § 207(a)(1) and 29 U.S.C. § 207(g).

57.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

58.     Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### NYLL Minimum Wage Violations

59.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

60.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of NYLL §§ 2 and 651.

61.     Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of their employment, and determine the rates and methods of any compensation in exchange for employment.

62.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

63.     Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

64.     Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### NYLL Overtime

65.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

66.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of NYLL §§ 2 and 651.

67.     Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of their employment, and determine the rates and methods of any compensation in exchange for employment.

68.     Defendants, in violation of NYLL §§ 190 *et seq*. and 12 NYCRR §§ 142-2.2 *et seq.*, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek.

69.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

70.     Plaintiffs were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**NYLL Violation of the Spread of Hours Wage Order**

71.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

72.     Defendants failed to pay Plaintiffs one additional hour's pay at the minimum wage rate for each day Plaintiffs' spread of hours exceeded ten hours.

73.     This was in violation of NYLL §§ 190 *et seq* and 650 *et seq.* as well as 12 NYCRR §§ 142-2.4.

74.     Defendants' failure to pay Plaintiffs an additional hour's pay at the minimum wage rate for each day Plaintiffs' spread of hours exceeded ten hours was was willful within the meaning of NYLL § 663.

75.     Plaintiffs were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**NYLL Annual Notice**

76.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

77.     Defendants failed to provide Plaintiffs with an annual written notice, in English or any other language, of their rate of pay, regular pay day, and such other information as required by NYLL § 195(1).

78.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### NYLL Wage Statements

79.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

80.     Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL § 195(3).

81.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)     Declaring that as to Plaintiffs, Defendants have willfully violated the minimum wage provisions and associated rules and regulations of the FLSA and NYLL;

(b)     Declaring that as to Plaintiffs, Defendants have willfully violated the overtime wage provisions and associated rules and regulations of the FLSA and NYLL;

(c)     Declaring that as to Plaintiffs, Defendants have willfully violated the spread of hours provision and associated rules and regulations of the NYLL;

(d)     Declaring that as to Plaintiffs, Defendants have willfully violated the notice, recordkeeping, and wage statement requirements of the NYLL;

(e)     Awarding Plaintiffs damages in the amount they should have earned under the minimum wage rate, unpaid overtime wages, and spread of hours wages under the FLSA and NYLL as applicable;

(f)     Awarding Plaintiffs statutory damages pursuant to NYLL § 198(1)(b) and (d);

10

(g)        Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, minimum wages and spread of hours wages under the FLSA and NYLL, as applicable;

(h)        Awarding Plaintiffs pre-judgment and post-judgment interest, as applicable;

(i)        Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees; and

(j)        Granting all such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FRCP 38(b), Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Respectfully submitted,

Dated: New York, New York
      March 16, 2016            By:           /s/*Scott Simpson*

Scott Simpson
Grace Cathryn Cretcher
Bruce E. Menken
BERANBAUM MENKEN LLP
80 Pine Street, 33rd Floor
New York, NY 10005
Ph: (212) 509-1616
Fax: (212) 509-8088