**XUE & ASSOCIATES, P.C.**
Benjamin B. Xue, Esq.
Kevin K. Yam, Esq.
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
Tel.: 212-219-2275
Fax: 212-219-2276
*Attorneys for Defendant and Third Party Plaintiff Lin Lin*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DIAN JIN JIANG and DONG JIANG XIN,

               Plaintiffs,              Civ. Action No.: 16-cv-1946-JMF

      -against-                   **ANSWER AND THIRD PARTY COMPLAINT**

RED KOI, INC. *d/b/a* RED KOI ORGANC
SUSHI LOUNGE and LIN LIN

               Defendants.

---

---

LIN LIN,

               Third Party Plaintiff,

      -against-

YING CHEN, JING XIN DONG, and STEVEN
"DOE"

               Third Party Defendants.

---

      Defendant and Third Party Plaintiff Lin Lin ("Defendant" or "Third Party Plaintiff Lin")

by her counsel, Xue & Associates, P.C., states in her Answer to the Complaint of Plaintiffs Dian

Jin Jiang and Dong Jiang Xin ("Plaintiffs"):

**AS TO NATURE OF THE ACTION**

    1.  Deny the allegations contained in paragraph 1 of the Complaint.

2.   Deny the allegations contained in paragraph 2 of the Complaint.

## AS TO JURISDICTION AND VENUE

3.   The allegations contained in paragraph 3 of the Complaint are neither directed towards, nor require a response from, Defendant.  To the extent any violation or unlawful action is alleged, Defendant denies such allegations.

4.   The allegations contained in paragraph 4 of the Complaint are neither directed towards, nor require a response from, Defendant.  To the extent any violation or unlawful action is alleged, Defendant denies such allegations.

5.   The allegations contained in paragraph 5 of the Complaint are neither directed towards, nor require a response from, Defendant.  To the extent any violation or unlawful action is alleged, Defendant denies such allegations.

## AS TO PARTIES

6.   Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.   Deny the allegations contained in paragraph 7 of the Complaint.

8.   Deny the allegations contained in paragraph 8 of the Complaint.

9.   Deny the allegations contained in paragraph 9 of the Complaint.

10. Admit the allegations contained in paragraph 10 of the Complaint except to deny that Defendant still operates and/or controls the restaurant.

11. Admit the allegations contained in paragraph 11 of the Complaint.

12. Admit the allegations contained in paragraph 12 of the Complaint.

13. Admit the allegations contained in paragraph 13 of the Complaint.

14. Deny the allegations contained in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15 of the Complaint.

16. Deny the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint.

## AS TO FACTUAL ALLEGATIONS

23. Deny the allegations contained in paragraph 23 of the Complaint

24. Deny the allegations contained in paragraph 24 of the Complaint.

25. Deny the allegations contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraph 26 of the Complaint.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint.

31. Deny the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny the allegations contained in paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36 of the Complaint.

37. Deny the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Deny the allegations contained in paragraph 41 of the Complaint.

42. Deny the allegations contained in paragraph 42 of the Complaint.

## AS TO FIRST CAUSE OF ACTION

## FLSA MINIMUM WAGE VIOLATIONS

43. Answer paragraph 43 of the Complaint by repeating and realleging each and every response to the allegations contained in paragraphs "1" through "42" of the Complaint.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. Deny the allegations contained in paragraph 46 of the Complaint.

47. Deny the allegations contained in paragraph 47 of Complaint.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Deny the allegations contained in paragraph 49 of the Complaint.

50. Deny the allegations contained in paragraph 50 of the Complaint.

## AS TO SECOND CAUSE OF ACTION

## FLSA OVERTIME VIOLATIONS

51. Answer paragraph 51 of the Complaint by repeating and realleging each and every response to the allegations contained in paragraphs "1" through "50" of the Complaint.

52. Deny the allegations contained in paragraph 52 of the Complaint.

53. Deny the allegations contained in paragraph 53 of the Complaint.

54. Deny the allegations contained in paragraph 54 of the Complaint.

55. Deny the allegations contained in paragraph 55 of the Complaint.

56. Deny the allegations contained in paragraph 56 of the Complaint.

57. Deny the allegations contained in paragraph 57 of the Complaint.

58. Deny the allegations contained in paragraph 58 of the Complaint.

### AS TO THIRD CAUSE OF ACTION

### NYLL MINIMUM WAGE VIOLATIONS

59. Answer paragraph 59 of the Complaint by repeating and realleging each and every response to the allegations contained in paragraphs "1" through "58" of the Complaint.

60. Deny the allegations contained in paragraph 60 of the Complaint.

61. Deny the allegations contained in paragraph 61 of the Complaint.

62. Deny the allegations contained in paragraph 62 of the Complaint.

63. Deny the allegations contained in paragraph 63 of the Complaint.

64. Deny the allegations contained in paragraph 64 of the Complaint.

### AS TO FOURTH CAUSE OF ACTION

### NYLL OVERTIME

65. Answer paragraph 65 of the Complaint by repeating and realleging each and every response to the allegations contained in paragraphs "1" through "64" of the Complaint.

66. Deny the allegations contained in paragraph 66 of the Complaint.

67. Deny the allegations contained in paragraph 67 of the Complaint.

68. Deny the allegations contained in paragraph 68 of the Complaint.

69. Deny the allegations contained in paragraph 69 of the Complaint.

70. Deny the allegations contained in paragraph 70 of the Complaint.

## AS TO FIFTH CAUSE OF ACTION

## NYLL VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

71. Answer paragraph 71 of the Complaint by repeating and realleging each and every response to the allegations contained in paragraphs "1" through "70" of the Complaint.

72. Deny the allegations contained in paragraph 72 of the Complaint.

73. Deny the allegations contained in paragraph 73 of the Complaint.

74. Deny the allegations contained in paragraph 74 of the Complaint.

75. Deny the allegations contained in Paragraph 75 of the Complaint.

## AS TO SIXTH CAUSE OF ACTION

## NYLL ANNUAL NOTICE

76. Answer paragraph 76 of the Complaint by repeating and realleging each and every response to the allegations contained in paragraphs "1" through "75" of the Complaint.

77. Deny the allegations contained in paragraph 77 of the Complaint.

78. Deny the allegations contained in paragraph 78 of the Complaint.

## AS TO SEVENTH CAUSE OF ACTION

## NYLL WAGE STATEMENTS

79. Answer paragraph 79 of the Complaint by repeating and realleging each and every response to the allegations contained in paragraphs "1" through "78" of the Complaint.

80. Deny the allegations contained in paragraph 80 of the Complaint.

81. Deny the allegations contained in paragraph 81 of the Complaint.

## AS TO PLAINTIFFS' PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any relief requested in the Complaint or any other relief.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which the damages sought can be awarded.

## SECOND AFFIRMATIVE DEFENSE

Subject to proof through discovery, some or all of Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

## THIRD AFFIRMATIVE DEFENSE

Defendant was not and are not employers engaged in interstate commerce or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

## FOURTH AFFIRMATIVE DEFENSE

If Defendant is found to have failed to pay Plaintiffs or any purported member of the collective action and/or class action as alleged in the Amended Complaint any amount due, which Defendant denies, Defendant acted at all times on the basis of a good faith and reasonable belief that her actions were in compliance and conformity with all applicable federal and state laws and/or written administrative regulations, orders, rulings, guidance and/or interpretations, and therefore Defendant's actions were not willful or in reckless disregard of the Fair Labor Standards Act or New York Labor Law. Accordingly, Plaintiffs and/or any putative collective or class action members are not entitled to liquidated damages under the FLSA and/or New York Labor Law, and the FLSA's two-year statute of limitations should apply.

## FIFTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, Plaintiffs' claims, the existence of which is expressly denied, are barred by the doctrines of laches, unclean hands, satisfaction and accord, and waiver and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs may be able to state a claim, their alleged damages, if any, must be offset against the monies and benefits they received, including but not limited to the monies and benefits they received from the New York State or Federal Government or any other entity.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs worked for employers other than Defendant during the relevant time period.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff Dong Jiang Xin's legal name is spelled Jing Xin Dong, and is a shareholder of Red Koi, Inc, and is therefore exempt from raising a claim for relief.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs were not employees engaged in interstate commerce or the production of goods for commerce within the meaning of the FLSA.

## TENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which pre-judgment or post-judgment interest may be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Pay Act, 29 U.S.C. § 260, because any acts or omissions of Defendant giving

rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are exempt from overtime requirements as a bona fide executive and/or administrative employee under 29 U.S.C. §213 and 29 C.F.R. §541.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is not an "employer" under the FLSA and/or NYLL.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any liability established by Plaintiffs, which is denied, should be the responsibility of Third Party Defendants Ying Chen, Jing Xin Dong, and Steven "Doe" individually, jointly, and/or severally.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any damages that Plaintiffs can establish, which are denied, are the responsibility of Third Party Defendants Ying Chen, Jing Xin Dong, and Steven "Doe", and Defendant should therefore be indemnified.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer to Amended Complaint and to assert additional defenses and/or supplement, alter, or change its Answer to Amended Complaint and Affirmative Defenses upon completion of appropriate investigation and discovery.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the FRCP, Defendant demands a trial by jury on all issues triable by jury.

**WHEREFORE**, Defendant respectfully requests that the Court: (a) dismiss the Amended Complaint in its entirety and with prejudice; (b) deny each and every request for relief set forth in the Amended Complaint; (c) award Defendant her reasonable attorneys' fees and legal expenses; (d) award Defendant her costs and disbursements incurred in defense of this action; and (e) award Defendant any other relief the Court deems just and proper.

## THIRD PARTY COMPLAINT BY LIN LIN

Third Party Plaintiff Lin by her counsel, Xue & Associates, P.C., raises the following Third Party Complaint against Third Party Defendants YING CHEN, JING XIN DONG, and STEVEN "DOE" (collectively "Third Party Defendants"):

1.     Third Party Plaintiff Lin is an individual residing in Turnersville, New Jersey 08012, and conducts her business at 57 1st Avenue, New York, New York 10003.

2.     Third Party Defendant Ying Chen ("Third Party Defendant Chen") is an individual residing at 9005 84th Street, Woodhaven, New York 11421.

3.     Third Party Defendant Jing Xin Dong ("Third Party Defendant Dong") is an individual residing at 5621 Fort Hamilton Parkway, Brooklyn, New York 11219.

4.     Third Party Defendant Steven "Doe" ("Third Party Defendant Steven") is an individual residing in the State of New York.

5.     Third Party Plaintiff Lin is the president and a 42.5% shareholder of Red Koi, Inc, a New York corporation with a principal place of business at 57 1st Avenue, New York, New York 10003 ("Red Koi").  Third Party Plaintiff Lin is also a 42.5% shareholder of C & H Fortune Inc, a New York corporation with a principal place of business at 57 1st Avenue, New York, New York 10003 ("C & H Fortune").  C & H Fortune is the successor business of Red Koi at the address located at 57 1st Avenue, New York, New York 10003.

6.     Third Party Defendant Chen is a 23.75% shareholder of Red Koi and C & H Fortune.  Third Party Defendant Chen was appointed as a manager of Red Koi and subsequently C & H Fortune, responsible for managing the accounting at Red Koi and C & H Fortune, and still manages the accounting at C & H Fortune.

7.     Third Party Defendant Dong is a 10% shareholder of Red Koi and C & H Fortune.

8.     Third Party Plaintiff Lin, Third Party Defendant Chen, and Third Party Defendant Dong were formerly good friends who decided to open a Japanese restaurant together.  Third Party Defendant Steven is a shareholder introduced to the parties by Third Party Defendant Chen.

9.     Third Party Defendant Steven is a 23.75% shareholder of Red Koi and C & H Fortune.  Third Party Plaintiff Lin does not know the legal name of Third Party Defendant Steven and did not bother to ask about Third Party Defendant Steven's background because she trusted Third Party Defendant Chen's selection of Third Party Defendant Steven as the fourth partner to their business.  However, Third Party Plaintiff Lin was informed that Third Party Defendant Steven was a veteran in the restaurant industry.

## FACTS

### A.  The Corporation, Red Koi, is Formed and the Restaurant at 57 1st Avenue, New York, New York 10003 is Established

10.     Red Koi was formed on July 14, 2014 to operate a Japanese dine-in/take-out/delivery restaurant (the "Restaurant").

11.     The Restaurant, located at 57 1st Avenue, New York, New York 10003 (the "Premises"), opened in or about late July 2014.

12.     Third Party Plaintiff Lin contributed seventy thousand dollars and no cents ($70,000.00) to open the Restaurant.

13.     Third Party Defendant Chen and Third Party Defendant Steven contributed a total of seventy-six thousand dollars and no cents ($76,000.00), with each providing half.

14.     Third Party Defendant Dong contributed a total of sixteen thousand dollars and no cents ($16,000.00).

15.     The breakdown of shares of Red Koi between the parties is as follows: (1) Third Party Plaintiff Lin has 42.5% of the shares, (2) Third Party Defendant Chen has 23.75% of the shares, (3) Third Party Defendant Steven has 23.75% of the shares, and (4) Third Party Defendant Dong has 10% of the shares.

16.     However, no formal written shareholder agreement was drafted and executed by the parties to memorialize the agreed-upon breakdown of shares between the shareholders. Based on Third Party Plaintiff Lin's friendship with Third Party Defendants at the time of forming Red Koi, she did not see the necessity to have a shareholder agreement prepared and agreed upon in writing between the parties.

17.     In late July 2014, Red Koi entered into a commercial assignment and assumption of lease (the "Lease") with the assignor, Eric Thant Corporation, a New York corporation with a principal place of business at 5128 Goldsmith Street, Elmhurst, New York 11373, and with the consent of the Premises' landlord, 57 First Avenue Realty Co., a New York limited partnership with an office at 241 West 37th Street, New York, New York 10018 (the "Landlord").

18.     Third Party Plaintiff Lin, the president of Red Koi, signed the Lease on behalf of Red Koi.

19.     The Lease was fully executed between Red Koi and Eric Thant Corporation and granted consent by the Landlord on July 24, 2014.

20.     The Lease contains an expiration date of October 31, 2020.

21.     As the president of Red Koi, Third Party Plaintiff Lin signed and continues to sign all of Red Koi's tax returns and/or accounting documents.

22.     As the president of Red Koi, Third Party Plaintiff Lin also has the right to grant a representative of Red Koi the authority to act on behalf of the corporation.

23.     From the opening of the Restaurant in late July 2014 to early March 2015, Third Party Plaintiff Lin managed the affairs of Red Koi's accounting, finances, and business operations.  During that time period, Third Party Plaintiff Lin was at the Restaurant about six to seven days per week to take care of the business matters at the Restaurant.

24.     When the Restaurant was busy, Third Party Plaintiff Lin also helped out with taking phone calls, serving patrons, and any other hands-on duties that were necessary to ensure that the Restaurant's operations ran smoothly.

**B.  Third Party Plaintiff Lin appoints and entrusts Third Party Defendant Chen to serve as the manager of Red Koi and the Restaurant**

25.     In or about early March 2015, Third Party Plaintiff Lin, as the president, and along with the other shareholders of Red Koi, appointed Third Party Defendant Chen to serve as the manager in charge of the accounting of daily revenues and profits at the Restaurant.

26.     Third Party Plaintiff Lin also entrusted Third Party Defendant Chen with the responsibility of keeping records, such as proof of payment for expenses, salaries and wages paid to employees, business costs, revenues from Restaurant sales, and etc.

27.     Third Party Plaintiff Lin believed that Third Party Defendant Chen, who was still Third Party Plaintiff Lin's good friend at that time, was suitable for the important job of managing the Restaurant.

28.     From in or about early March 2015 until September 2015, Third Party Plaintiff Lin only went to the Restaurant about one or two days to inspect the Restaurant and monitor the

business operations.  Third Party Plaintiff Lin made such infrequent visits because of the trust that she felt in Third Party Defendant Chen to manage Red Koi and the Restaurant.

**C.  The Corporation, C & H Fortune, is Formed, and Red Koi's Lease is Assigned to C & H Fortune**

29.    C & H Fortune was formed on September 11, 2015 to take over the Restaurant from Red Koi at the same business address of 57 1st Avenue, New York, New York 10003.

30.    As stated above in the "Parties" section of this Complaint, C & H Fortune has the same shareholders and breakdown as those of Red Koi.

31.    As such, the breakdown of shares of C & H Fortune between the parties is as follows: (1) Third Party Plaintiff Lin has 42.5% of the shares, (2) Third Party Defendant Chen has 23.75% of the shares, (3) Third Party Defendant Steven has 23.75% of the shares, and (4) Third Party Defendant Dong has 10% of the shares.

32.    On December 3, 2015, Red Koi's Lease was assigned to C & H Fortune.

33.    As stated in the assignment and assumption agreement between Red Koi and C & H Fortune, C & H Fortune is "an affiliated entity" of Red Koi.  Therefore, C & H Fortune is a successor business of Red Koi and took over the Restaurant located at 57 1st Avenue, New York, New York 10003.

**D.  Third Party Plaintiff Lin realizes that Third Party Defendants had commenced a scheme to misappropriate corporate capital and proceeds; hide the true financial condition of Red Koi and C & H Fortune; shield profits from Third Party Plaintiff Lin; and engage in corporate waste**

34.    From the opening of the Restaurant in or about July 2014 until March 2015, the Restaurant was running smoothly.

35.    Beginning September 2015, Third Party Plaintiff Lin only started to become suspicious of Third Party Defendants, especially Third Party Defendant Chen, because Third

Party Defendant Chen would stop talking to Third Party Plaintiff Lin about the affairs of the Restaurant.

36.     Third Party Plaintiff Lin realized that as early as March 2015 to the present, Third Party Defendant Chen had begun to breach his fiduciary duties as a manager to Red Koi and as an agent to Third Party Plaintiff Lin by engaging in the following activities, among others: (a) failure to allow Third Party Plaintiff access to the corporate books and records; (b) failure to account for the corporate revenues and profits; (c) misappropriation of corporate funds and income; (4) failure to maintain proper payroll records and other business records; and (5) forging Third Party Plaintiff Lin's signatures on checks and online account applications with restaurant services companies such as Seamless.

37.     Although Third Party Plaintiff Lin repeatedly demanded inspections of the corporate books and records, Third Party Defendant Chen rejected Third Party Plaintiff Lin's demands without justification, even though Third Party Plaintiff Lin is the president and a major shareholder of the Restaurant.

38.     Third Party Defendants, especially Third Party Defendant Chen, have unreasonably ignored strong objections from Third Party Plaintiff Lin, and prevented Third Party Plaintiff Lin from overseeing the operation and management of the Restaurant.

39.     Further, since March 2015, Third Party Defendants have been holding all of the Restaurant's earnings without recording profits and losses, and have utterly failed to account for the written check disbursements and the cash withdrawn from Red Koi and C & H Fortune's corporate bank accounts.

40.     Even more outrageously, Third Party Defendants set up unknown corporations to funnel money away from Red Koi and C & H Fortune.

41.     For example, LYD Fortune was set up by Third Party Defendants to receive payments paid from the Restaurant's delivery orders.  As such, even though the food was prepared by Red Koi and/or C & H Fortune's kitchen and delivered by the Restaurant's employees, LYD Fortune actually pocketed the money made from those orders.

42.     Third Party Plaintiff Lin does not know the exact extent that this funneling of money has occurred, but does know that there are at least four other corporations set up by Third Party Defendants to engage in this type of fraudulent activities and they include: (1) Kaji Sushi, (2) King Food, (3) Ahi Sushi, and (4) Asian Wok.

43.     In sum, Third Party Defendants are operating a complex fraudulent scheme to defraud Third Party Plaintiff Lin by: (1) creating businesses that may be real or fake to funnel assets and funds from Red Koi and C & H Fortune, (2) failing to account for profits and losses, (3) neglecting to account for real business "expenses and costs" by writing checks to anonymous persons and/or businesses, and (4) shielding Third Party Plaintiff Lin from any of the Restaurant's dealings since March 2015.

44.     As such, the operation of Red Koi, C & H Fortune, Third Party Plaintiff Lin, and the Restaurant has been seriously endangered by Third Party Defendants' illegal and unauthorized conduct.

**<u>AS AND FOR A FIRST CAUSE OF ACTION - CONVERSION</u>**

45.     Third Party Plaintiff Lin repeats and realleges each and every allegation set forth in Paragraphs "1" through "44" hereof as if fully set forth herein.

46.     Third Party Plaintiff Lin invested seventy thousand dollars and no cents ($70,000.00) into Red Koi and C & H Fortune, and therefore, has unquestionable ownership in both corporations.

47.     The monies invested by Third Party Plaintiff Lin are solely to be used in the businesses and in exchange for a return of the profits.

48.     However, the monies invested by Third Party Plaintiff Lin were forcibly and unlawfully taken by Third Party Defendants for unknown and unauthorized purposes, which are wholly unrelated to: (1) obtaining profits through the operation of the business; and (2) paying Third Party Plaintiff Lin her entitled right to the profits earned by Red Koi and C & H Fortune.

49.     Further, the profits and corporate monies earned by Red Koi and C & H Fortune were also forcibly and unlawfully taken by Third Party Defendants for unknown and authorized purposes, which are wholly unrelated to the Red Koi and C & H Fortune's business operations.

50.     The monies used by Third Party Defendants rightfully belong to, and were the property of, Red Koi, C & H Fortune, and Third Party Plaintiff Lin.

51.     By removing same from Red Koi and C & H Fortune without authorization and/or in a manner not authorized by Red Koi, C & H Fortune, or Third Party Plaintiff Lin, Third Party Defendants exercised unauthorized dominion over said monies to the exclusion of the rights of Third Party Plaintiff Lin, which resulted in Third Party Plaintiff Lin not receiving her entitled right to the profits earned by Red Koi and C & H Fortune.

52.     Third Party Plaintiff Lin has been damaged in an amount to be determined after accounting.

53.     Third Party Defendants are therefore liable to Third Party Plaintiff Lin for conversion.

### AS AND FOR A SECOND CAUSE OF ACTION – UNJUST ENRICHMENT

54.     Third Party Plaintiff Lin repeats and realleges each and every allegation set forth in Paragraph "1" through "53" hereof as if fully set forth herein.

55.     Defendants, without authorization, have been taking away the daily monies and proceeds earned by Red Koi and C & H Fortune without properly making deposits into Red Koi and C & H Fortune's bank account, as Red Koi and C & H Fortune procedures require.

56.     The monies conferred a benefit upon Third Party Defendants, who are obligated to adequately compensate Third Party Plaintiff Lin for the benefit conferred.

57.     Third Party Defendants are therefore liable to Third Party Plaintiff Lin for unjust enrichment.

## AS AND FOR A THIRD CAUSE OF ACTION – CORPORATE WASTE

58.     Third Party Plaintiff Lin repeats and realleges each and every allegation set forth in Paragraph "1" through "57" hereof as it fully set forth herein.

59.     Third Party Defendants have wrongfully withdrawn cash and written checks from Red Koi and C & H Fortune's bank accounts and taken daily operation proceeds from the Restaurant without giving any explanation of their unauthorized conduct.

60.     Third Party Defendants have no right to take Red Koi and C & H Fortune's proceeds against the objection of Plaintiff Lin.

61.     As a result of the foregoing, Third Party Plaintiff Lin suffered injury through the unauthorized withdrawals and withholdings by Third Party Defendants.  This resulted in significant loss in value of Red Koi and C & H Fortune's assets.

62.     Third Party Defendants are therefore liable to Third Party Plaintiff Lin for corporate waste.

## AS AND FOR A FOURTH CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY

63.     Third Party Plaintiff Lin repeats and realleges each and every allegation set forth in Paragraph "1" through "62" hereof as if fully set forth herein.

64.     Third Party Defendant Chen, a shareholder, was designated as an agent of Red Koi, C & H Fortune, and Plaintiff Lin for the sole purpose of managing the accounting at Red Koi, C & H Fortune, and the Restaurant.

65.     Third Party Defendant Dong and Third Party Defendant Steven, as shareholders of Red Koi and C & H Fortune, also have a duty to the corporations and Third Party Plaintiff Lin with respect to handling corporate matters.

66.     Third Party Defendants, as agents to Red Koi and C & H Fortune, owe a fiduciary duty to Red Koi, C & H Fortune, and Third Party Plaintiff Lin to act in good faith, properly deposit and withdraw funds of Red Koi and C & H Fortune in an authorized manner, and not intentionally obstruct the ability of Third Party Plaintiff Lin and other employees to operate and/or contribute to the operation of the Restaurant.

67.     Third Party Defendants forcibly took control of the business of the Restaurant, and completely deprived Third Party Plaintiff Lin of the right to monitor the assets, revenues and cash flow of the Restaurant.  In other words, Third Party Plaintiff Lin's inherent right to inquire about the operations of Red Koi and C & H Fortune was unjustifiably denied.

68.     By engaging in the actions set forth above, Third Party Defendants have engaged in misconduct that constitutes a breach of fiduciary duty.  That misconduct includes misappropriating corporate capital and proceeds, failing to disclose the true financial condition of the corporation at various times, failing to pay profits to the owner, Third Party Plaintiff Lin, and engaging in acts that constitute corporate waste.

69.     Third Party Defendants are therefore liable to Third Party Plaintiff Lin for a breach of fiduciary duty.

**AS AND FOR A FIFTH CAUSE OF ACTION – FRAUD**

19

70.     Third Party Plaintiff Lin repeats and realleges each and every allegation set forth in Paragraph "1" through "69" hereof as if fully set forth herein.

71.     Third Party Defendants made the false representations and omissions described above in support of their scheme to defraud Third Party Plaintiff Lin.  In particular, Third Party Defendant Chen falsely represented that he has been keeping accurate accounting of Red Koi and C & H Fortune's revenues and profits.  Third Party Defendant Chen, in conspiracy with Third Party Defendant Dong and Third Party Defendant Steven, knew that Third Party Defendant Chen was not keeping an accurate accounting and made no official corporate records regarding Red Koi and C & H Fortune's daily transactions.  Still, Third Party Defendants arbitrarily informed Third Party Plaintiff Lin from March 2015 to the present that the Restaurant never made any money, without actually reporting Red Koi's *actual* revenues and profits and losses.

72.     In short, Third Party Defendants are operating a complex fraudulent scheme to defraud Third Party Plaintiff Lin by: (1) creating businesses that may be real or fake to funnel assets and funds from Red Koi and C & H Fortune, (2) failing to account for profits and losses, (3) neglecting to account for real business "expenses and costs" by writing checks to anonymous persons and/or businesses, and (4) shielding Third Party Plaintiff Lin from any of the Restaurant's dealings since March 2015.

73.     Third Party Defendants made the false representations and omissions described above, and carried out the scheme described above, with the intent to deceive Third Party Plaintiff Lin.

74.     Third Party Plaintiff Lin justifiably relied upon Third Party Defendants' misrepresentations and omissions because Third Party Defendant Chen was Red Koi's manager and continues to be C & H Fortune's manager.

75.     Third Party Plaintiff Lin was directly damaged by her justified reliance and the trust that she placed in Third Party Defendants.

76.     Third Party Plaintiff Lin has suffered an unknown amount of loss of corporate funds that were directly misappropriated by Third Party Defendants, and that would not otherwise have been misappropriated but for Third Party Defendants' fraudulent scheme to lie to Third Party Plaintiff Lin about the true nature of the accounting practices Defendants used at Red Koi and C & H Fortune.

### AS AND FOR A SIXTH CAUSE OF ACTION – ACCOUNTING AND RECEIVERSHIP

77.     Third Party Plaintiff Lin repeats and realleges each and every allegation set forth in Paragraph "1" through "76" hereof as if fully set forth herein.

78.     As agents to Red Koi and C & H Fortune, Third Party Defendants owe fiduciary duties to Red Koi, C & H Fortune, and Third Party Plaintiff Lin.

79.     Third Party Plaintiff Lin has invested money for the Restaurant's business, and Third Party Defendant Chen, as a manager of the Restaurant, has an obligation to Third Party Plaintiff Lin to reveal the details of his dealings in connection with Red Koi and C & H Fortune.

80.     Third Party Defendants breached those fiduciary duties by: (1) failing to disclose the true financial conditions of Red Koi and C & H Fortune even though Third Party Plaintiff Lin has requested on multiple occasions, (2) failing to pay profits to Third Party Plaintiff Lin as required, and (3) engaging in acts that constitute corporate waste.

81.     No form of legal relief, absent an accounting, will provide the necessary information to Third Party Plaintiff Lin concerning monies paid and received by Red Koi, C & H Fortune, and/or Third Party Defendants.

82.     As such, Third Party Plaintiff Lin respectfully requests the Court to appoint a

receiver to administer the accounting of Red Koi and C & H Fortune.

83.     Third Party Defendants are therefore liable to Third Party Plaintiff for an accounting, covering the period of March 2015 through the present time, identifying: (1) the monies received by Red Koi, C & H Fortune, and the Restaurant, including dates, amounts, source, and purpose of said payments; and (2) the payments made by and/or on behalf of Red Koi and C & H Fortune, including dates, amounts, payee, and purpose of said payments and any transactions (including loans, sales, and purchases) engaged in by Third Party Defendants with respect to the Restaurant.

### AS AND FOR A SEVENTH CAUSE OF ACTION –INDEMNIFICATION

84.     Third Party Plaintiff Lin repeats and realleges each and every allegation set forth in Paragraph "1" through "83" hereof as if fully set forth herein.

85.     As a direct and proximate result of Third Party Defendants' mismanagement and fraudulent practices, the Third Party Defendants have been unjustly enriched, and the Third Party Plaintiff and employees of the Restaurant have been damaged.

86.     Third Party Defendants engaged in a conspiracy by indicating to the Third Party Plaintiff that they knew and were capable of managing the Restaurant, and that they would, in fact, manage and maintain operational control over the Restaurant's employees.

87.     As Third Party Defendants are partners and shareholders with Third Party Plaintiff, they were directly responsible for the management and operational control over all employees at the Restaurant, any liability incurred in relation to said employees is the sole responsibility of the Third Party Defendants.

88.     As such, if any employee liability of the Restaurant is established, then Third Party Defendants should be responsible for indemnifying the Third Party Plaintiffs for any and

all damages.

**WHEREFORE,** Third Party Plaintiff Lin demands a judgment against Third Party Defendants as follows:

(a) on the first cause of action, in a sum of $500,000.00;

(b) on the second cause of action, in a sum of $500,000.00;

(c) on the third cause of action, in a sum of $500,000.00;

(d) on the fourth cause of action, in a sum of $500,000.00;

(e) on the fifth cause of action, in a sum of $500,000.00;

(f) on the sixth cause of action, an accounting, covering the period of March 2015 through the present time, identifying: (1) the monies received by Red Koi, C & H Fortune, and the Restaurant located at 57 1st Avenue, New York, New York 10003, including dates, amounts, source, and purpose of said payments; and (2) the payments made by and/or on behalf of Red Koi and C & H Fortune, including dates, amounts, payee, and purpose of said payments and any transactions (including loans, sales, and purchases) engaged in by Third Party Defendants with respect to the Restaurant;

(g) attorneys' fees, costs, and disbursements of this action;

(h) pre-judgment interest, upon the principal sum awarded;

(i) punitive damages on the fourth and fifth causes of action; and

(j) such other and further relief as this Court may deem just and proper.

Dated:  July 25, 2016
      New York, New York

**Xue & Associates, P.C.**
*Attorneys for Defendant and Third Party Plaintiff Lin Lin*

By:    /s/ Kevin K. Yam
        Benjamin B. Xue, Esq.
        Kevin K. Yam, Esq.
        1001 Avenue of Americas, 11th Floor
        New York, NY  10018
        Tel.: (212) 219-2275